RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/30/15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

PEDRO KLINE (#20892-055)        DOCKET NO. 15-CV-49; SEC. P

VERSUS        JUDGE DRELL

WARDEN        MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

*Pro se* Petitioner, Pedro Kline, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on January 8, 2015. [Doc. #1] Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He complains that his due process rights were violated with regard to a disciplinary conviction, and he asks that the conviction be expunged from his record and his good time restored.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Background

Petitioner alleges that, on May 13, 2013, he was given an incident report for introducing/possessing narcotics (marijuana). It was alleged in the report that, on May 13, 2013, Petitioner produced a green balloon containing a green leafy substance that tested positive for marijuana. [Doc. #1, p.13/35] A few days prior, Petitioner was seen on camera, and by a staff member, engaging in a kiss with a female visitor. [Doc. #1, p.,13, 19, 20]

Petitioner apparently stated that, "the report is true as written." [Doc. #1, p.13]  The incident report indicates that Petitioner stated, "it says what it says." [Doc. #1, p.20]  Either way, Petitioner maintains that this was not an admission of guilt.

After Petitioner was charged with the disciplinary offense, he was indicted in the United States District Court for the Western District of Pennsylvania for possession of contraband in prison. [1:13-cr-47, W.D.Pa.] On December 23, 2013, Petitioner plead guilty to the criminal charge and was sentenced to four months imprisonment, to run consecutive to the sentence he is currently serving.  [1:13-cr-47, W.D.Pa. Doc. #18, 19]

On February 12, 2014, Petitioner received another copy of the incident report.  On February 20, 2014, a disciplinary hearing was conducted, at which Petitioner denied the charge.  At the hearing, Petitioner was advised that the BOP had suspended the disciplinary process on May 13, 2013, for possible prosecution.  [Doc. #1, p.22] The disciplinary process resumed after Petitioner plead guilty to the charge in federal court.  Petitioner presented no defense and was found guilty.  He was sanctioned with the loss of forty-one days of good time, a one-year restriction on visitation, and sixty days of segregation, which was suspended pending 180 days of clear conduct.  [Doc. #1, p.22] Petitioner's disciplinary conviction was affirmed on appeal.

*Law and Analysis*

Petitioner argues that his due process rights were violated because he did not receive the incident report in a timely manner, he was given a second incident report that was different from the first, and because the incident report indicated that Petitioner made a statement that he did not make ("It says what it says.").

"The findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious." Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995) (citing Smith v. Rabalais, 659 F.2d 539, 542 (5th Cir. 1981)), cert. denied, 455 U.S. 992 (1982). The reviewing court must, therefore, ascertain whether a decision from a disciplinary hearing is supported by any evidence. See id. In addition, such a hearing must comport with certain procedural requirements: (1) advance written notice of the disciplinary charges; (2) an opportunity for the prisoner, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985); see also Banuelos, 41 F.3d at 234. Since prison disciplinary proceedings are not part of a criminal prosecution, the prisoner is not afforded "the full panoply of rights." Wolff v. McDonnell, 418 U.S. 539, 563 (1974).

First, Petitioner complains that he did not receive a copy of incident report in a timely manner in accordance with 28 C.F.R. 541.5(a), which states in part, "A prisoner will ordinarily receive the incident report within 24 hours of staff becoming aware of... the incident." Petitioner states that he was returned to prison after his federal prosecution on February 6, 2014, but he did not receive his disciplinary report until February 12, 2014. However, Petitioner originally received a copy of the report on **May 13, 2013, the actual date of the incident**. Thus, his initial report was received within 24 hours. The disciplinary process was merely suspended while Petitioner was prosecuted in federal court. Moreover, the regulation does not make it *mandatory* that a prisoner receive the report within 24 hours. Rather, as quoted by Petitioner, it states that he will **ordinarily** receive the incident report within 24 hours. The failure to receive notice within 24 hours does not establish a constitutional violation, as **there is no provision stating that the incident report** *must* **be provided within the twenty-four hour time frame**.

Next, Petitioner complains that he did not make the statement quoted on the report: "It says what it says." He claims that he actually stated, "The report is true as written." Either way, Petitioner's conviction is supported by "some evidence." Prison disciplinary proceedings are overturned only where **no evidence** in the record supports the decision. See Broussard v. Johnson, 253

F.3d 874, 877 (5th Cir. 2001)(emphasis added). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report, standing alone, can satisfy the "some evidence" standard. Hudson v. Johnson, 242 F.3d at 536-37. In this case, there was a balloon containing marijuana. Petitioner does not dispute that fact. Thus, even without any statement from Petitioner, there is sufficient evidence for the disciplinary conviction.

*Conclusion*

The Court has given the petition preliminary consideration pursuant to 28 U.S.C. § 2243[1] and Rule 4 of the Rules Governing §2254 Cases in the U.S. District Courts,[2] which is applicable to §2241 petitions under Rule 1(b).[3] According to Rule 4, a district court may dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[4] Such is the case in the captioned matter.

---

[1] 28 U.S.C. § 2243 (West 2010) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[2] 28 U.S.C. § 2254 PROC. R. 4 (West 2010).

[3] See id. at PROC. R. 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").

[4] Id. at PROC. R. 4.

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be DENIED AND DISMISSED, with prejudice.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this ____ day of January, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE